# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                    No. CR 10-2239 JB

JONATHAN ALEJANDRO LUNA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed November 18, 2010 (Doc. 18). The Court held a sentencing hearing on December 3, 2010. The primary issues are: (i) whether the Court should depart downward, pursuant to U.S.S.G. § 4A1.3, because Defendant Jonathan Alejandro Luna's criminal history is overrepresented in his Presentence Investigation Report ("PSR"); (ii) whether the Court should depart downward, pursuant to U.S.S.G. § 2L1.2, because of Luna's cultural assimilation; and (iii) whether the Court should grant Luna a variance from the advisory guideline range. The Court grants Luna's request for a downward departure because his criminal history is overrepresented, denies Luna's request for a downward departure because of his cultural assimilation, grants him a variance from the guideline range of 12 to 18 months, and sentences Luna to a term of 8 months.

## PROCEDURAL BACKGROUND

The United States Probation Office disclosed a PSR for Luna on September 16, 2010. In the PSR, the USPO calculated Luna's offense level to be 10 and his criminal history category to be V, establishing a guideline imprisonment range of 21 to 27 months. Luna does not dispute the PSR's

sentencing calculation, but disputes the number of convictions listed.  The Court orders the PSR to be amended to reflect that Luna has a total of seven juvenile adjudications, four convictions when he was 16 -- none of which were in adult court, and five other adult convictions.  There being no other objections to the PSR, the Court adopts the USPO's guideline calculations in the PSR as its own.  Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court accepts the plea agreement, which stipulates to a 1-level downward departure, as the Court is satisfied that the agreed offense level departs for justifiable reasons, i.e., the plea agreement is pursuant to the United States Attorney for the District of New Mexico's fast-track program, which the United States Attorney General has approved, and which meets the conditions that Congress has set for such programs.  See PROTECT Act § 401(m)(2)(B), 108 Pub. L. No. 21, 117 Stat. 650, 675; U.S.S.G. § 5K3.1.  An offense level of 9 and a criminal history category of V establishes a guideline imprisonment range of 18 to 24 months.

## ANALYSIS

The Court Grants Luna a downward departure for his criminal history being overrepresented. The Court denies Luna a downward departure for cultural assimilation.  The Court grants Luna a variance from the advisory guidelines.

**I.       THE COURT WILL DEPART DOWNWARD IN LUNA'S CRIMINAL HISTORY CATEGORY.**

Luna asks that Court to depart downward under U.S.S.G. § 4A1.3, because he contends that a criminal history category of V overrepresents the seriousness of his criminal history.  Luna asserts that his criminal history does not involve narcotics trafficking or violent conduct -- other than a juvenile misdemeanor for brawling -- but instead it is composed primarily of petty misdemeanors, such as driving without a license, careless driving, driving without insurance, and non-violent felony

convictions for identity theft and trespassing.  Luna also notes he received 3 criminal history points under 4A1.1(c) for his juvenile convictions that were within five years of his present arrest.  Luna asserts that he has only one adult felony conviction, but he is in the same criminal history category as someone who has committed several violent drug trafficking convictions.  Luna, therefore, contends that his criminal history is overstated and asks the Court to depart downward.

The United States responds that Luna has been arrested twenty times, and that the arrests span all but the first two years of Luna's time in the United States.  The United States also notes that Luna was deported on May 11, 2010, and returned to the United States sixteen days later, on May 27, 2010.  The United States contends therefore, that Luna's recidivism counsels against a downward departure.  See United States v. Caldwell, 219 F.3d 1186, 1192 (10th Cir. 2000)(stating that, with a departure under § 4A1.3, "[a]s with all departure decisions, the district court should consider all of the factual circumstances that bear upon a defendant's criminal history and likelihood for recidivism"); United States v. Maldonado-Campos, 920 F.2d 714, 720 (10th Cir. 1990)("[I]n addition to the seriousness of a defendant's criminal history, recidivism should be considered in deciding whether to depart downward under § 4A1.3."  (citations omitted)).

The Court believes a downward departure is warranted for Luna's criminal history being overrepresented.  His criminal history is composed primarily of traffic arrests.  While the Court is concerned about Luna's arrest for careless driving when he was seventeen, when he fled from police officers, most of Luna's adult convictions are fairly minor traffic offenses.  He has two convictions for driving while intoxicated, and the Court thinks those points are properly assessed, and Luna's trespassing arrest involved resisting arrest and is also a serious matter.  Nevertheless, the Court believes that a criminal history category V, which is usually for defendants with a more extensive

and serious criminal history, substantially overrepresents Luna's criminal history. The Court does not believe, however, that a criminal history category IV would substantially overstate his criminal history. The Court believes that Luna is a high III, or low IV. A criminal history of IV may still overrepresent Luna's criminal history, but not substantially so. Consequently the Court grants Luna's request for a downward departure to a criminal history category of IV under U.S.S.G. § 4A1.3. With a criminal history of IV and a offense level of 9, the sentencing guidelines suggest a range of 12 to 18 months.

Luna also asks the Court to depart downward because he came to the United States when he was fourteen. He notes that he lived in the United States most of his adolescent life. Luna represents that he attended school in Mexico through the ninth grade, and enrolled in the ninth grade at a high school in Boulder, Colorado when he arrived in the United States. Because he knew no English before arriving, he asserts that high school was impossible for him, so he dropped out and began working in restaurants. Luna has two young children from a relationship with Nancy Ortiz. His mother, sister, common-law wife, and two children all live in Colorado. Luna contends that his cultural ties to the United States were the primary motivation for his illegal reentry.

The United States responds that Luna's circumstances do not warrant a downward departure for cultural assimilation. The United States points out that Luna has been engaged in criminal activity most of his time here. The United States further notes that Luna spent many of his formative years in Mexico, and not in the United States.

The Court does not believe that Luna's circumstances warrant a downward departure for cultural assimilation.

> There may be cases in which a downward departure may be appropriate on the basis of cultural assimilation. Such a departure should be considered only in

cases where (A) the defendant formed cultural ties primarily with the United States from having resided continuously in the United States from childhood, (B) those cultural ties provided the primary motivation for the defendant's illegal reentry or continued presence in the United States, and (C) such a departure is not likely to increase the risk to the public from further crimes of the defendant.

In determining whether such a departure is appropriate, the court should consider, among other things, (1) the age in childhood at which the defendant began residing continuously in the United States, (2) whether and for how long the defendant attended school in the United States, (3) the duration of the defendant's continued residence in the United States, (4) the duration of the defendant's presence outside the United States, (5) the nature and extent of the defendant's familial and cultural ties inside the United States, and the nature and extent of such ties outside the United States, (6) the seriousness of the defendant's criminal history, and (7) whether the defendant engaged in additional criminal activity after illegally reentering the United States.

U.S.S.G. § 2L1.2 app. note 8.[1]  Luna came to he United States when he was fourteen.  While the Court is not prepared to say someone coming to the United States at age fourteen could not be eligible for a downward departure for cultural assimilation, the Court does not generally grant downward departures unless defendants arrived when they were truly in their childhood.  Moreover, Luna engaged in unlawful activity early, and dropped out of high school.  These considerations counsel against granting a downward departure, because they show he has not assimilated well.  The Court therefore denies Luna's request for a downward departure under U.S.S.G. § 2L1.2.

## II.   THE COURT GRANTS LUNA A VARIANCE FROM THE GUIDELINE RANGE.

Luna also asks for a variance.  He contends that a sentence below the guidelines would adequately deter him from returning to the United States.  Luna contends that treating his criminal history more like a category II or III would be more appropriate for his first reentry offense.

---

[1] This application note was added to the guidelines effective November 1, 2010.  The Court uses the guidelines manual in effect on the date the defendant is sentenced.  See U.S.S.G. § 1B1.11 ("The Guidelines Manual in effect on a particular date shall be applied in its entirety.").

The United States responds that the seriousness of illegal reentry combined with Luna's extensive criminal history weigh against granting a variance in this case. The United States also asserts that Luna's return to the United States sixteen days after his prior deportation indicates that a light sentence will not adequately deter Luna from returning to the United States. The United States also asserts that Luna is not outside the heartland of illegal reentry cases, and the Court should avoid creating sentencing disparities.

The Court believes a slight variance is warranted in this case. While Luna's circumstances do not warrant a downward departure for cultural assimilation, they do make a sentence below the guideline range appropriate. Luna came here when he was fourteen with his mother and sister. He did not know his father, and he had no real choice not to come. His mother and sister state that he had little supervision growing up. His mother, sister, common-law wife, and children are here, which is why he returned after his deportation. Moreover, even with the downward departure the Court has granted for Luna's criminal history being overrepresented, the Court believes that a criminal history category IV still overrepresents Luna's criminal history -- though not substantially -- because Luna has committed no real violent crimes. Taken together, these considerations take Luna out of the heartland of cases and support a variance. The Court believes that it is more appropriate to treat Luna's criminal history like a category III, which with an offense level of 9, yields a recommended sentencing range of 8 to 14 months. The Court believes that Luna's circumstances and the nature of his conviction support giving him a sentence of 8 months, at the low end of that range.

Luna illegally reentered the United States after a felony conviction for trespassing with intent to commit a crime. The Court has considered the guidelines, but, in arriving at its sentence, has

taken into account not only the guidelines but other sentencing goals.  Specifically, the Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant.  The Court believes that, with the downward departure it has granted, the punishment that the guidelines set forth is not appropriate for this sort of offense.  The Court finds that a sentence of 8 months adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a).  While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence.  Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes this sentence is reasonable.  Finally, the Court believes Luna's criminal history is adequately reflected in a sentence of 8 months, and that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act.

The Court will exercise its discretion not to impose a term of supervised release.  The Court recommends that the Immigration and Customs Enforcement begin immediate removal proceedings. Based on the Luna's minimal financial resources and the United States' expression of not being interested in pursuing a fine, the Court will not impose a fine.  Based upon the United States' willingness to waive the special assessment, the Court will not require Luna to pay a special assessment of $100.00, which is normally due immediately.

**IT IS ORDERED** that: (i) the Defendant's Sentencing Memorandum, filed November 18,

2010 (Doc. 18), is granted in part and denied in part; (ii) the Court grants Defendant Jonathan Alejandro Luna's request for a downward departure, because his criminal history is overrepresented under U.S.S.G. § 4A1.3; (iii) the Court denies Luna's request for a cultural assimilation downward departure pursuant to U.S.S.G. § 2L1.2; (iii) the Court grants Luna's request for a variance; and (iv) the Court sentences Luna to a term of 8 months.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
    United States Attorney
Shana Pennington
    Assistant United States Attorney
Albuquerque, New Mexico

        *Attorneys for the Plaintiff*

L. Val Whitley
Santa Fe, New Mexico

        *Attorney for the Defendant*

-8-