AO 245B (Rev 12/10) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| V. | |
| **Jonathan Alejandro Luna** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **2:10CR02239-001JB** |
| | USM Number: **56915-051** |
| | Defense Attorney: **Val Whitley, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Information**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 8 U.S.C. Sec. 1326(a)/(b) | Re-entry of a Removed Alien | 05/27/2010 | |

The defendant is sentenced as provided in pages 2 through **4** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**December 3, 2010**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**February 8, 2011**
Date Signed

Defendant: **Jonathan Alejandro Luna**
Case Number: **2:10CR02239-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **8 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence.**

**The Court incorporates its Memorandum Opinion and Order, filed February 7, 2011 (Doc. 26). The United States Probation Office disclosed a PSR for Defendant Jonathan Alejandro Luna on September 16, 2010. In the PSR, the USPO calculated Luna`s offense level to be 10 and his criminal history category to be V, establishing a guideline imprisonment range of 21 to 27 months. Luna does not dispute the PSR`s sentencing calculation, but disputes the number of convictions listed. The Court orders the PSR to be amended to reflect that Luna has a total of seven juvenile adjudications, four convictions when he was 16 -- none of which were in adult court, and five other adult convictions. There being no other objections to the PSR, the Court adopts the USPO`s guideline calculations in the PSR as its own. Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Court accepts the plea agreement, which stipulates to a 1-level downward departure, as the Court is satisfied that the agreed offense level departs for justifiable reasons, i.e., the plea agreement is pursuant to the United States Attorney for the District of New Mexico`s fast-track program, which the United States Attorney General has approved, and which meets the conditions that Congress has set for such programs. See PROTECT Act § 401(m)(2)(B), 108 Pub. L. No. 21, 117 Stat. 650, 675; U.S.S.G. § 5K3.1. An offense level of 9 and a criminal history category of V establishes a guideline imprisonment range of 18 to 24 months. The Court grants Luna`s request for a downward departure to a criminal history category of IV under U.S.S.G. § 4A1.3, because his criminal history is overrepresented in the PSR. With a criminal history of IV and a offense level of 9, the sentencing guidelines suggest a range of 12 to 18 months.**

**The Court believes a variance is warranted in this case. While Luna`s circumstances do not warrant a downward departure for cultural assimilation, they do make a sentence below the guideline range appropriate. Luna came here when he was fourteen with his mother and sister. He did not know his father, and he had no real choice not to come. His mother and sister state that he had little supervision growing up. His mother, sister, common-law wife, and children are here, which is why he returned after his deportation. Moreover, even with the downward departure the Court has granted for Luna`s criminal history being overrepresented, the Court believes that a criminal history category IV still overrepresents Luna`s criminal history -- though not substantially -- because Luna has committed no real violent crimes. Taken together, these considerations support a variance. The Court believes that it is more appropriate to treat Luna`s criminal history like a category III, which with an offense level of 9, yields a recommended sentencing range of 8 to 14 months. The Court believes that Luna`s circumstances and the nature of his conviction support giving him a sentence of 8 months, at the low end of that range.**

**Luna illegally reentered the United States after a felony conviction for trespassing with intent to commit a crime. The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. Specifically, the Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that, with the downward departure it has granted, the punishment that is set forth in the guidelines is still not appropriate for this sort of offense. The Court finds that a sentence of 8 months adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes this sentence is reasonable. Finally, the Court believes Luna`s criminal history is adequately reflected in a sentence of 8 months, and that sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act.**

☒        The court makes the following recommendations to the Bureau of Prisons:

**The Court recommends the Defendant be allowed to serve the remainder of his sentence at the Torrance County Detention Center, if eligible.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at on
    ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on
    ☐ as notified by the United States Marshal
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.



_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Jonathan Alejandro Luna**
Case Number: **2:10CR02239-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☒      The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $waived | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A      ☐   In full immediately; or
B      ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties:Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.